Case 1:14-cv-00140-FPS   Document 1-1   Filed 08/22/14   Page 1 of 10 PageID #: 10
JUL-23-2014 14:10 From:                3046248710            To:913043538180----22# Page:2/11

5

## IN THE CIRCUIT COURT OF HARRISON COUNTY, WEST VIRGINIA

**SANDRA L. SAYERS**

    Plaintiff,

v.                                                   Civil Action No. 14-C- _146_
                                                     [Judge __Bedell__ ]

**ANTERO RESOURCES CORPORATON,**
a foreign corporation,
its parents, subsidiaries,
predecessors and successors,
**SHALEWATER SOLUTIONS, LLC,**
a foreign corporation,
its parents, subsidiaries,
predecessors and successors,
**DOUBLE R TRAFFIC CONTROL, LLC,**
a West Virginia Corporation,
its parents, subsidiaries,
predecessors and successors,
**JOHN DOE TRUCKING CO.,**
a West Virginia Corporation,
its parents, subsidiaries,
predecessors and successors,
and
**JOHN DOE,** an individual,

    Defendants.

### COMPLAINT

Now comes the Plaintiff, Sandra L. Sayers, by and through counsel, and for her Complaint against the Defendants, states and alleges the following:

### COMMON ALLEGATIONS

1. Plaintiff, Sandra Sayers, is and was a resident of Harrison County, West Virginia at all times relevant hereto.

2. Defendant, Antero Resources Corporation, its parents, subsidiaries, predecessors and successors, (hereinafter, collectively, "Antero"), is and was a foreign corporation authorized to do

business in West Virginia at all times relevant hereto.

3. Defendant, Shalewater Solutions, LLC, its parents, subsidiaries, predecessors and successors, (hereinafter, collectively, "Shalewater") is and was a foreign corporation authorized to do business in West Virginia at all times relevant hereto.

4. Defendant, Double R Traffic Control, LLC, its parents, subsidiaries, predecessors and successors, (hereinafter, collectively, "Double R"), is and was a West Virginia corporation authorized to do business in this State at all times relevant hereto.

5. Upon information and belief, Defendant, John Doe Trucking Corporation, its parents, subsidiaries, predecessors and successors, (hereinafter, collectively, "Doe Trucking"), is and was a West Virginia corporation authorized to do business in this State at all times relevant hereto.

6. Upon information and belief, Defendant, John Doe, an individual, who was operating a water supply truck involved in the crash which is subject to this civil action.

### Factual Allegations

7. Plaintiff repeats and repleads each and every paragraph numbered 1 through 6 and all numbered and unnumbered paragraphs as though fully set forth herein.

8. On or about March 23, 2012, the Plaintiff, Sandra L. Sayers was operating her 2000 Dodge Grand Caravan on a public roadway known as Sycamore Road in Harrison County, West Virginia.

9. At the same time and place, Defendant, John Doe, was driving a well water truck, which was owned and operated by Defendant, Doe Trucking Co., and was traveling in the opposite direction of Plaintiff on the said Sycamore Road.

10. Defendant John Doe, carelessly and negligently operated the truck owned by Defendant, Doe Trucking, causing the same to cross the center line on Sycamore Road, into the lane

Case 1:14-cv-00140-FPS   Document 1-1   Filed 08/22/14   Page 3 of 10   PageID #: 12
JUL-23-2014 14:10 From:                    3046248710                    To:913043538180----22# Page:4/11

7

of travel occupied by the vehicle operated by Plaintiff forcing her vehicle off of the roadway and causing her vehicle to flip multiple times with Sandra Sayer inside.

11. Despite having forced the Plaintiff off the road, Defendant John Doe did not stop to lend emergency assistance or determine on the status of the injured Plaintiff, thereby, demonstrating an outrageous disregard for the health and well-being of the injured Plaintiff.

12. Based upon information and belief, at the time of the crash, Defendant, Shalewater and/or Defendant, Double R, were also providing dispatching, flagging and other trucking services on behalf of Defendant, Antero, for the oil and gas drilling operations that being conducted in the area where the incident occurred which led to the filing of this civil action.

## COUNT - I - NEGLIGENCE OF JOHN DOE AND DOE TRUCKING

13. Plaintiff repeats and repleads each and every paragraph numbered 1 through 12 and all numbered and unnumbered paragraphs as though fully set forth herein.

14. Defendant, John Doe, owed a duty to operate his/her truck in a reasonable and prudent manner and in accordance with applicable law and with care so as to avoid the danger of causing injury to others, including Plaintiff, operating their vehicles on public roadways.

15. The acts and failures to act of Defendant, John Doe, directly and proximately breached his/her duty to Plaintiff through his/her negligent, careless and reckless operation of his/her vehicle, resulting in the crash.

16. Defendant, John Doe, operated his/her vehicle in a negligent and careless manner in violation of the motor vehicle laws, safety laws and other laws of the State of West Virginia, causing severe and permanent injuries to the Plaintiff, Sandra L. Sayers, including but not limited to:

    (a) A failure to maintain control of said vehicle;

    (b) A failure to exercise due care generally in the operation of said motor

vehicle;

(c) Operation of said vehicle in a manner unsuited to the roadway;

(d) Failure to observe the traffic which was lawfully on the roadway;

(e) Failure to keep a reasonable and proper lookout;

(f) Failure to operate said motor vehicle in accordance with existing traffic conditions;

(g) Failure to yield the right-of-way to traffic traveling in the proper lane of travel; and,

(h) Other acts and omissions not yet known or discovered.

17. The acts and conduct of Defendant, John Doe, were negligent, grossly negligent and reckless all which proximately caused or contributed to the injuries and damages of the Plaintiff, Sandra Sayers.

18. The negligent, grossly negligent, and reckless conduct of Defendant, John Doe, proximately caused and/or contributed to Plaintiff, Sandra Sayers, incurring substantial medical expenses, other economic and intangible damages, and sustaining serious and permanent physical injuries, all of which will continue into the future.

## COUNT II -NEGLIGENT ENTRUSTMENT

19. Plaintiff repeats and repleads each and every paragraph numbered 1 through 18 and all numbered and unnumbered paragraphs as though fully set forth herein.

20. Defendant, Doe Trucking, owed a duty to Plaintiff and the general public to ensure that all individuals driving trucks on its behalf, or at its direction, operated their trucks in a manner so as to not cause harm to Plaintiff or others using public roadways and further owed a duty to Plaintiff to ensure that drivers operating on its behalf were properly trained in operating their vehicles in all types of road conditions and were capable of operating said vehicles without causing

harm to others drivers lawfully operating vehicles on public roadways.

21. Defendant, Doe Trucking, breached said duty owed to Plaintiff through its entrustment of a large truck to Defendant, John Doe, and through his/her subsequent negligent operation of said truck, causing injury to Plaintiff.

22. Defendant, Doe Trucking, further breached said duty owed to Plaintiff through its failure to properly train Defendant John Doe to ensure he was able to drive his/her truck without harming others driving on public roadways.

23. The negligent entrustment of said large truck to Defendant John Doe caused or contributed to the injuries and damages sustained suffered by Plaintiff.

## COUNT III - VICARIOUS LIABILITY OF DOE TRUCKING

24. Plaintiff, repeats and repleads, as though fully set forth herein each and every allegation in paragraphs 1 through 23 and all unnumbered paragraphs of this Complaint.

25. Defendant, Doe Trucking, is vicariously liable for the acts, conduct and omissions of Defendant, John Doe, under the doctrines of *respondeat superior*, master/servant, principal/agent, and/or employer/employee, as well as liable for any of its own negligence, as set forth herein, and other acts and failures to act which may become known as this proceeds.

26. The direct and vicarious responsibility and liability of Defendant, Doe Trucking, subjects it to liability for any and all damages that may be due and owing the Plaintiff by virtue of the acts and omissions of its agents, servants or employees including, but not limited to Defendant, John Doe.

## COUNT IV - NEGLIGENCE OF SHALEWATER AND DOUBLE R

27. Plaintiff repeats and repleads each and every paragraph numbered 1 through 26 and all numbered and unnumbered paragraphs as though fully set forth herein.

10

28. At all times relevant hereto, Defendants, Shalewater and Double R, were responsible and exercised control and authority over Defendants, Doe Trucking, and its employees, including Defendant, John Doe, while servicing well sites for Defendant, Antero's benefit.

29. Defendants, Shalewater and Double R, owed a duty to persons traveling on the public roadways of this State where they were operating on behalf of other companies engaged in the oil and gas business to ensure that such persons were not harmed by large trucks and equipment operating on the roadways in or around the areas where the public traveled.

30. Defendants, Shalewater and Double R, by holding themselves out as a company retained to oversee, direct and secure the safe passage of dangerous vehicles operating on behalf of oil and gas drilling operators through roadways used by the public owed a duty to Plaintiff to ensure that the flow of traffic, including vehicles operated by Defendants, Doe Trucking and John Doe, did not permit traffic patterns to cause or contribute to harm, such as that caused Plaintiff while she lawfully operated her vehicle on a public roadway.

31. Defendants, Shalewater and Double R, by and through its employees, agents, and servants, breached such duty owed to Plaintiff by negligently permitting the traffic patterns, in or around where this incident occurred, to become dangerous due to the close passage of convoys of large trucks and equipment at the same time Plaintiff lawfully operated her vehicle causing or contributing to the incident which directly and proximately caused her injuries and damages.

32. The breach of such duties by Defendants, Shalewater and Double R, created the dangerous road conditions which caused or substantially contributed to the incident whereby Plaintiff was injured.

33. As a direct result of the acts and failures to act of Defendants, Shalewater and Double R, Plaintiff sustained injuries and damages as set forth herein.

Case 1:14-cv-00140-FPS   Document 1-1   Filed 08/22/14   Page 7 of 10 PageID #: 16
JUL-23-2014 14:11 From:                    3046248710              To:913043538180----22#  Page:8/11

\\

## COUNT V - VICARIOUS LIABILITY OF SHALEWATER AND DOUBLE R

34. Plaintiff, repeats and repleads, as though fully set forth herein each and every allegation in paragraphs 1 through 33 and all unnumbered paragraphs of this Complaint.

35. Defendants, Shalewater and Double R, are vicariously liable for the acts, conduct and omissions of Defendant, Doe Trucking, under the doctrines of *respondeat superior*, master/servant, principal/agent, and/or employer/employee, as well as liable for any of their own negligence, as set forth herein, and other acts and failures to act which may become known as this proceeds.

36. The direct and vicarious responsibility and liability of Defendant, Shalewater and Double R, subjects them to liability for any and all damages that may be due and owing the Plaintiff by virtue of the acts and omissions of its agents, servants or employees including, but not limited to Defendant, Doe Trucking.

## COUNT VI - NEGLIGENCE OF ANTERO RESOURCES

37. Plaintiff repeats and repleads each and every paragraph numbered 1 through 35 and all numbered and unnumbered paragraphs as though fully set forth herein.

38. On or about March 23, 2010, Defendant, Antero, owned, operated, maintained and controlled the well site located adjacent to Sycamore Road where the incident herein pled occurred.

39. At all times relevant hereto, Defendant, Antero, was responsible for exercised control and authority over Defendants, Shalewater, Double R, Doe Trucking, and their employees, including John Doe, while servicing well sites for Defendant, Antero's benefit.

40. At all times relevant hereto, Defendant, Antero, had a duty and responsibility to provide and ensure that Defendants, Shalewater, Double R, Doe Trucking, and their employees, were operating in a safe manner.

41. At all times relevant hereto, Defendant, Antero, had a duty to provide proper safety

measures, procedures and protocols to Defendants, Shalewater, Double R, Doe Trucking, and their employees, including, but not limited to, Defendant, John Doe.

42. At all times relevant hereto, Defendant, Antero, exercised control and authority over the trucking operations at its well sites located on Sycamore Road including, but not limited, to the water trucked operated by Defendant, John Doe, and owned by Defendant, Doe Trucking, in order to safely operate such dangerous vehicles on the roadways of this State.

43. At all times relevant hereto, Defendant, Antero, had a duty to ensure that the supervision and oversight conducted by Defendants, Shalewater and Double R, of the trucking operations, including those of Defendant, Doe Trucking, at its well sites were conducted in a safe and lawful manner on the public roadways of this State to ensure safe travel in areas used by the public.

44. At all times relevant hereto, Defendant, Antero, was aware that it had control and authority over Defendants, Shalewater, Double R, Doe Trucking, and their employees, including Defendant, John Doe, in regard to the performance of trucking operations at Antero's well sites.

45. At all times relevant hereto, Defendant, Antero, was aware that its duties to provide a safe trucking operations, as outlined above, were non-delegable duties.

46. At all times relevant hereto, Defendant, Antero, its agents and/or employees were aware or should have been aware that the trucking operations being utilized were unsafe and likely to cause serious injury to the public using the roadways of this State.

47. Defendant, Antero, negligently, carelessly and recklessly failed to adhere to its duties, as outlined above by failing to require proper safety procedures in the flagging, dispatching and operation of its trucking operations at its well sites on Sycamore Road.

48. As a direct and proximate result of Antero's negligence, careless, and reckless acts

13

and failures to act, as described herein, Plaintiff, Sandra Sayers, was severely injured and has incurred medical expenses in the past and will incur additional medical expenses in the future; has endured pain and suffering, both in the past and in the future; has sustained an impairment of the capacity to enjoy life, both past and future; has incurred lost wages, and will continue to do so in the future; has sustained a loss of earning capacity since the date of the injury and will continue to have a loss of earning capacity in the future; due to the nature and extent of her permanent condition, has sustained in the past and will suffer in the future humiliation and embarrassment; and Plaintiff has in the past suffered annoyance, aggravation, and mental anguish and will continue to do so in the future.

## COUNT VII - VICARIOUS LIABILITY OF ANTERO

49. Plaintiff, repeats and repleads, as though fully set forth herein each and every allegation in paragraphs 1 through 48 and all unnumbered paragraphs of this Complaint.

50. Defendant, Antero, is vicariously liable for the acts, conduct and omissions of Defendants, Shalewater, Double R, Doe Trucking, and their employees under the doctrines of *respondeat superior*, master/servant, principal/agent, and/or employer/employee, as well as liable for any of its own negligence, as set forth herein, and other acts and failures to act which may become known as this proceeds.

51. The direct and vicarious responsibility and liability of Defendant, Antero, subjects it to liability for any and all damages that may be due and owing the Plaintiff by virtue of the acts and omissions of its agents, servants or employees including, but not limited to Defendants, Shalewater, Double R, Doe Trucking, and their employees.

**WHEREFORE**, Plaintiff respectfully seeks judgment against these Defendants for the following relief:

14

(a) Compensatory damages for past and future medical expenses, past lost wages, future loss of earning capacity, past and future attendant care services gratuitously rendered, past and future loss of household services, past and future medical travel, and all other such damages, both past and future all in an amount to be determined by the jury upon proof presented at trial;

(b) General damages, past and future, for pain, suffering, humiliation, permanent injury, and loss of the enjoyment of life, emotional distress, and other such damages in an amount to be determined by the jury upon proper proof presented at trial;

(c) Exemplary damages in an amount to be determined by the jury upon proper proof at trial;

(d) Prejudgment and post-judgment interest;

(e) Costs and attorney's fees; and,

(f) Such other general and specific relief as may be shown by the evidence in this case.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS IN THIS COMPLAINT**

Respectfully submitted by,
Plaintiff,
By Counsel

Michael J. Romano
W. Va. State Bar ID No. 6952
LAW OFFICE OF MICHAEL J. ROMANO
128 S. Second Street
Clarksburg, WV 26301
(304) 624-1100