IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SANDRA L. SAYERS,

    Plaintiff,

v.  Civil Action No. 1:14CV140
(STAMP)
ANTERO RESOURCES CORPORATION,
a foreign corporation,
its parents, subsidiaries,
predecessors and successors,
SHALEWATER SOLUTIONS, LLC,
a foreign corporation,
its parents, subsidiaries,
predecessors and successors,
DOUBLE R TRAFFIC CONTROL, LLC,
a West Virginia corporation,
its parents, subsidiaries,
predecessors and successors,
JOHN DOE TRUCKING CO.,
a West Virginia corporation,
its parents, subsidiaries,
predecessors and successors,
and JOHN DOE, an individual,

    Defendants.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT ANTERO RESOURCES CORPORATION'S MOTION TO DISMISS

I. Procedural History

The plaintiff originally filed her complaint in the Circuit Court of Harrison County, West Virginia. The defendants, under diversity jurisdiction, removed this civil action. ECF No. 1. In this civil action, the plaintiff asserts several counts of negligence, negligent entrustment, and vicarious liability related to a car accident involving the plaintiff and defendants John Doe and John Doe Trucking Co. ("Doe Trucking").

In the complaint, the plaintiff alleges seven counts. First, the plaintiff asserts that defendant John Doe, on behalf of Doe Trucking, negligently operated its vehicle, causing a car accident with the plaintiff. Second, the plaintiff claims that defendant Doe Trucking negligently entrusted defendant John Doe with operating the vehicle. In particular, the plaintiff claims that Doe Trucking breached its duty to have well trained drivers operate its trucks. Third, the plaintiff alleges that defendant Doe Trucking is vicariously liable for John Doe's negligence. Fourth, the plaintiff claims that defendants Shalewater Solutions, LLC ("Shalewater") and Double R Traffic Control, LLC ("Double R"), as dispatchers, guides, and flaggers for defendant John Doe, also negligently conducted their operations. Specifically, the plaintiff believes that Shalewater and Double R breached their duty to provide safe traffic operations by permitting trucks like John Doe's to travel closely to the plaintiff's vehicle at the accident site. Fifth, the plaintiff alleges that Shalewater and Double R are vicariously liable for defendant John Doe's negligence. Sixth, the plaintiff asserts that Antero Resources Corporation ("Antero") acted negligently concerning its control over its well site, which is located near the site of the car accident. Here, the plaintiff alleges that Antero had a duty to provide adequate safety procedures in the area surrounding its well site. Specifically, the plaintiff asserts that Antero exerted control over all of the

defendants listed in this action. Because of that, Antero breached its duty to provide safe operations near its premises, in this case a well site. Finally, the plaintiff alleges that Antero is vicariously liable for the negligent actions of the other defendants. For relief, the plaintiff seeks compensatory damages, general damages, interest, attorney's fees, and any relief that may be necessary.[1]

At issue now is Antero's motion to dismiss under Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6). ECF No. 5. Antero believes this Court should grant its motion for two reasons. First, Antero claims that the plaintiff failed to serve her complaint on Antero within the time allotted under West Virginia Rule of Civil Procedure 4(k). In particular, Antero argues that the plaintiff did not effect service of process until 124 days, rather than the required 120 days, after filing the complaint. Second, Antero asserts that the plaintiff failed to sufficiently state a negligence or vicarious liability claim against Antero. Specifically, Antero argues that the plaintiff fails to allege an applicable legal duty that Antero owed to the plaintiff. In

---

[1] The parties later filed a joint stipulation to dismiss without prejudice the plaintiff's claims against defendants Double R and Shalewater. ECF No. 21. Accordingly, the remaining counts in this civil action are Counts I, II, III, VI, and VII, all pertaining to John Doe, Doe Trucking, and Antero. It should be noted that concerning the claims against John Doe and Doe Trucking, ERIE Insurance Property and Casualty Company ("ERIE") appeared in response to the plaintiff's service of her complaint for uninsured motorist coverage and benefits. ECF No. 19.

addition to that alleged failure, Antero believes that no vicarious liability exist regarding the other defendants. Regarding Shalewater and Double R, Antero asserts that neither entity operated in West Virginia at the time of the accident. Antero points out that at the time of the accident, neither Shalewater nor Double R had filed the necessary paperwork to do business in West Virginia. As to being vicariously liable for the alleged negligence of John Doe and Doe Trucking, Antero claims they are not agents of Antero and thus, no vicarious liability exists.

The plaintiff then filed a response in opposition to Antero's motion to dismiss. ECF No. 14. The plaintiff first asserts that both the present allegations and anticipated evidence sufficiently demonstrate a valid claim. In her response, the plaintiff describes the various evidence and facts that she discovered thus far. Based on those materials, the plaintiff claims that she sufficiently states a cognizable claim. In the alternative, the plaintiff requests that this Court grant the plaintiff time to conduct limited discovery regarding any claims that this Court determines are insufficiently stated. Second, the plaintiff argues that Antero's arguments concerning insufficient service of process lack any merit. In particular, the plaintiff alleges that service of process occurred within 120 days when her counsel mailed the complaint to the Secretary of State of West Virginia ("Secretary of State"). Thus, the plaintiff believes that service of process was

complete upon mailing the complaint to the Secretary of State, rather than when Antero acknowledged receipt of such process. In the alternative, the plaintiff argues that this Court, under its discretion, may extend the deadline for service of process by finding good cause. Finally, the plaintiff requests that if this Court grants Antero's motion to dismiss, that her cause of action be dismissed without prejudice so as to allow the plaintiff a chance to amend the complaint and refile.

Following the plaintiff's response in opposition, Antero filed a reply in support of its motion to dismiss. ECF No. 15. Antero reasserts its two grounds for dismissal. Antero again points to the plaintiff's alleged failure to effect service of process within the 120-day period. Further, Antero again asserts that the plaintiff insufficiently states a claim against it. In addition to those prior arguments, Antero believes that this Court should deny the plaintiff's request for limited discovery. Based on those reasons, Antero requests that this Court grant its motion to dismiss.

For the reasons set forth below, Antero's motion to dismiss is denied.

## II. Facts

On March 23, 2012, the plaintiff was driving on a public roadway in Harrison County, West Virginia. During this time, John Doe operated a well water truck. Doe Trucking allegedly owned that

truck, and was John Doe's employer. While driving in the opposite direction of the plaintiff, John Doe's truck allegedly crossed the median line of that road. To avoid John Doe's truck, the plaintiff alleges that she drove off of the road, resulting in her injuries.

Antero, a foreign corporation, owns a well site located near the location of the accident. According to the plaintiff, Antero allegedly (1) operated the only drilling operation in the area, and (2) maintained the only drilling operation that had access to the road where the accident occurred. Further, the plaintiff claims that Shalewater and Double R traffic conducted Antero's dispatching, flagging, and other related trucking services in that area.

### III. Applicable Law

A. Insufficient Service of Process

Under Federal Rule of Civil Procedure 12(b)(5), a party may seek dismissal for insufficient service of process. If service of process occurs prior to the removal of a civil action to federal court, then "state law controls the question of whether service was proper." Fields v. Norfolk & S. Ry. Co., 924 F. Supp. 2d 702, 708 (S.D. W. Va. 2012); see Lee v. City of Beaumont, 12 F.3d 933, 936-37 (9th Cir. 1993); Leach v. BB&T Corp., 232 F.R.D. 545 (N.D. W. Va. 2005). Generally, "[t]he plaintiff bears the burden of establishing that the service of process has been performed in accordance with the requirements of Federal Rule of Civil Procedure

6

4." Hanson & Morgan Livestock, Inc. v. B4 Cattle Co., 5:07CV330, 2007 WL 4305606, at *15 (S.D. W. Va. Dec. 7, 2007) (quoting Elkins v. Boome, 213 F.R.D. 273, 275 (M.D.N.C. 2003)). When determining if the plaintiff satisfied that burden, "the technical requirements of service should be construed liberally as long as the defendant had actual notice of the pending suit." Elkins, 213 F.R.D. at 275 (citing Karlsson v. Rabinowitz, 318 F.2d 666, 668-69 (4th Cir. 1963)). Further, concerning disputed issues of fact on the matter, the Court is permitted to weigh and determine those issues. Cranford v. United States, 359 F. Supp. 2d 981, 984 (E.D. Cal. 2005).

B.  Failure to State a Claim

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must accept all well-pled facts contained in the complaint as true. Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc, 591 F.3d 250, 255 (4th Cir. 2009). However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." Id. (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). This Court also declines to consider "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009).

It has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed. 1998). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. Id. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on is face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Nemet Chevrolet, 591 F.3d at 256 (quoting Iqbal, 129 S. Ct. at 1949). Detailed factual allegations are not required, but the facts alleged must be

sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

IV. Discussion

The primary issue here is whether a party, when serving a corporation through the Secretary of State, sufficiently effects service (1) upon mailing the complaint to the Secretary of State, or (2) upon the corporate agent's acceptance or refusal of service when the Secretary of State delivers it. Because the attempted service of process occurred before the removal of this civil action, West Virginia law applies concerning service of process. Generally, Rule 4 of the Federal Rules of Civil Procedure ("Federal Rule 4") and Rule 4 of the West Virginia Rules of Civil Procedure ("West Virginia Rule 4") mirror each other. They do, however, differ regarding how to serve corporations. On the one hand, Federal Rule 4(h)(1)(B) provides that when serving a corporation, that corporation may be served "**by delivering** a copy of the summons and of the complaints to an officer . . . or any other agent authorized . . . to receive service of process (emphasis added)." On the other hand, West Virginia Rule 4(d)(5)(B) provides that a foreign corporation may be served by "**delivering or mailing** . . . to any agent . . . authorized by appointment or by statute to receive or accept service in its behalf (emphasis added)."[2]

---

[2]Webster's Dictionary defines "mail" as "sending using the postal system," and "delivery" as "to bring and hand over, or leave for." Black's Law Dictionary does not provide a relevant

9

Further, under West Virginia Code § 31D-15-1510(d), it permits service of process on any corporation by "delivering to and leaving with the Secretary of State the original process, notice or demand." That same code section also notes that it does not provide either the only or required means of serving a foreign corporation. Both Federal Rule 4 and West Virginia Rule 4, however, provide a 120-day period for service of process. See Fed. R. Civ. P. 4(m) (2012); W. Va. R. Civ. P. 4(m) (2014).

The parties disagree over when service of process is effected for purposes of West Virginia Rule 4. At first glance, West Virginia Rule 4 arguably creates some confusion by using the phrase "delivering or mailing." Antero argues that the plaintiff untimely effected service of process. In particular, Antero notes that the plaintiff filed her complaint on March 21, 2014. Pursuant to West Virginia Rule 4, the plaintiff had until July 19, 2014, which was 120 days, to serve Antero. What happened next is slightly unclear. In its motion to dismiss, Antero points to the service date provided by the Secretary of State. According to the Secretary of State's records, the plaintiff's date of effective service of process is July 23, 2014. That is four days past the 120-day deadline. ECF No. 4. The plaintiff, however, claims that her counsel mailed the summons and complaint on July 16, 2014. The plaintiff argues that by mailing it before the 120-day deadline,

---

definition of either term.

10

she sufficiently served Antero so as to comply with West Virginia Rule 4. It should be noted that the plaintiff does not provide an affidavit or other relevant documentation that clearly indicates which date her counsel mailed the complaint. Rather, the plaintiff only provides a letter dated July 16, 2014 without any evidence indicating that her counsel mailed the letter or attached complaint on that date. ECF No. 14 Ex. 11.

Based on arguments above, the parties clearly quarrel with when service of process is effected: (1) upon mailing the complaint to the Secretary of State, or (2) upon the corporate agent's acceptance or refusal of service when the Secretary of State delivers the complaint. As will be explained below, it is the latter. Although West Virginia law does not clearly state which one it is, it does provide examples through case law of what effective service means. Legally sufficient service of process "is achieved when a registered or certified mailing by the secretary of state to an authorized corporation's listed agent was returned as either accepted or 'refused' by the agent – not when the return is due to the postal service's inability to locate the agent." Crowley v. Krylon Diversified Brands, 607 S.E.2d 514, 518 (W. Va. 2004). Phrased another way, "service of process on a corporation is insufficient when notice or process is mailed using registered or certified mail to an authorized corporation's listed agent by the Secretary of State, [and] is neither accepted or refused by the

11

agent, and mail is returned to the Secretary of State because the notice or process is undeliverable." Id.; Burkes v. Fas-Chek Food Mart, Inc., 617 S.E.2d 838, 842 (W. Va. 2005) ("service of process upon a foreign corporation through the Secretary of State is not successful when a registered or certified mailing is returned for any reason other than being accepted or refused" by an agent or employee).

What is apparent from the case law on the matter, though not stated outright, is that service of process occurs not when the plaintiff merely "mails" the complaint to the Secretary of State, but rather when that complaint is officially delivered to that corporate representative, and then the representative either accepts or refuses service. When that occurs, then service of process is actually "effected." Tarley v. Fairmont Times W. Virginian, 2006 U.S. Dist. LEXIS 83519, *17 (N. D. W. Va. 2006). Analyzing the case law above, the plaintiff did not timely effect service of process for purposes of West Virginia Rule 4. As the facts show, the service of process date, according to the Secretary of State, was July 23, 2014. Although the plaintiff allegedly mailed the complaint on July 16, that alone does not satisfy the service of process requirements. West Virginia Rule 4 may state "delivering or mailing," but case law on the issue shows that service is actually effected when that complaint is officially delivered to that corporate representative, and that representative

either accepts or refuses service. Therefore, at first glance, the plaintiff provided insufficient service of process.

The inquiry does not end there. Generally, if the plaintiff fails to effect service of process within the 120-day period on a defendant, the court should dismiss the action against that defendant without prejudice. Burkes, 617 S.E.2d. at Syl. Pt. 3. However, West Virginia law directs courts to extend the time for service if the plaintiff shows good cause for the insufficient service of process. Burkes, 617 S.E.2d at 844. In order to show good cause under West Virginia Rule 4(k), a party must show "more than mere inadvertence, neglect, misunderstanding, or ignorance of the rule or its burden." State ex rel. Charleston Area Medical Center v. Kaufman, 475 S.E.2d 282, 381 (W. Va. 1996). In considering whether good cause is established, courts should consider the "(1) length of time to obtain service; (2) activity of plaintiff; (3) plaintiff's knowledge of defendant's location; (4) ease with which location could have been known; (5) actual knowledge by defendant of the action; and (6) special circumstances." Estate of Hough ex rel. Lemaster v. Estate of Hough ex rel. Berkeley County Sheriff, 519 S.E.2d 640, 645 (1999) (per curiam) (citing Kaufman, 475 S.E.2d at 380).

The plaintiff attempts to argue that good cause exists as to why she untimely effected service. The plaintiff believes that she required additional time to determine the correct defendants, and

13

that her counsel had no control as to when the postal system would deliver the summons and complaint to Antero. After consideration of the above factors, good cause does not exist to excuse the plaintiff's insufficient service of process. The plaintiff had sufficient time to obtain service. Accordingly, the plaintiff fails to demonstrate that her insufficient service of process resulted from "more than mere inadvertence, neglect, misunderstanding, or ignorance of the rule or its burden." Burkes, 617 S.E.2d at 845 (citing Kaufman, 475 S.E.2d at 381).

Nonetheless, the court does have discretion to enlarge the 120-day period "even if there is not good cause." Henderson v. United States, 517 U.S. 654, 662 (1996) ("courts have been accorded discretion to enlarge the 120-day period" [under Federal Rule 4] even when no good cause shown); Burkes, 617 S.E.2d at 845; see Troxell v. Fedders of North America, Inc., 160 F.3d 381, 383 (7th Cir. 1998); Hendry v. Schneider, 116 F.3d 446, 449 (10th Cir. 1997); Montalbano v. Easco Hand Tools, Inc., 766 F.2d 737, 740 (2nd Cir. 1985); accord Novak v. World Bank, 703 F.2d 1305, 1310 (D.C. Cir. 1983). The court in Burkes provided the following:

> In the absence of a showing of good cause, upon motion or upon its own initiative, the circuit court may in its discretion extend the time for service. Factors circuit courts should consider in determining whether to extend the time for service, in the absence of a showing of good cause by the plaintiff, include but are not limited to: (1) whether the defendant evaded service, (2) whether the defendant knowingly concealed a defect in service, (3) whether the statute of limitations has expired, and (4)

14

> whether the defendant has been prejudiced by the failure
> to serve.

Burkes, 617 S.E.2d at 844-45. Analyzing the factors above, this Court will exercise its discretion to relieve the plaintiff of the consequences of her untimely service of process. The first two factors, regarding evasion of service and knowing concealment of defects, are inapplicable. No facts in the record exist so as to allude to or prove any such actions by the parties. Concerning the statute of limitations, a dismissal without prejudice would effectively bar the plaintiff's civil action. As mentioned earlier, the plaintiff's accident occurred on March 23, 2012. Under West Virginia Code § 55-2-12, the plaintiff's statute of limitations would expire on March 21, 2014. Thus, dismissing her civil action might well effectively bar it. See, e.g., Fields, 924 F. Supp. 2d at 708; Board of Trustees of Trucking Employees of N. Jersey Welfare Fund v. Canny, 876 F. Supp. 14, 16 (N.D.N.Y. 1995). Furthermore, regarding whether the defendant would be prejudiced by the failure of untimely service, Antero faces no prejudice by extending the service of process deadline. As the plaintiff suggests in her response, Antero was aware of this civil action before the plaintiff filed her complaint. The plaintiff provides a series of email exchanges that occurred in early March 2014 between counsel for the plaintiff and Antero. Looking at the record, Antero is unlikely to experience any prejudice if this Court extends the deadline for service of process. Accordingly,

this Court will exercise its discretion. Therefore, Antero's motion to dismiss under Federal Rule of Civil Procedure 12(b)(5) is denied.

As discussed earlier, Antero next argues that the plaintiff fails to state a viable cause of action regarding its negligence and vicarious liability claims. Antero believes that the plaintiff fails to identify a specific duty that Antero owed to the plaintiff. Next, Antero claims that the plaintiff cannot demonstrate that Antero should be vicariously liable for the conduct of John Doe and Doe Trucking.[3] In particular, Antero believes that the plaintiff presents insufficient evidence to show that vicarious liability applies. Because of that, Antero claims this Court should grant its motion to dismiss under Rule 12(b)(6).

This Court finds that the plaintiff has sufficiently pleaded her claims. Regarding the plaintiff's negligence claim, West Virginia law provides that "the plaintiff must prove by a preponderance of the evidence that the defendant owed a legal duty to the plaintiff and that by breaching that duty the defendant proximately caused the injuries of the plaintiff." Strahin v. Cleavenger, 603 S.E.2d 197, 205 (W. Va. 2004) (citing Sewell v. Gregory, 371 S.E.2d 82, 84 (W. Va. 1988)). The threshold inquiry

---

[3] Because the parties stipulated to the dismissal of Shalewater and Double R, this Court will not address the plaintiff's argument that Antero was vicariously liable for those defendants' alleged actions.

in negligence actions is determining whether a duty exists. Strahin, 603 S.E.2d at 205. Or, phrased another way, "[n]o action for negligence will lie without a duty broken." Parsley v. General Motors Acceptance Corp., 280 S.E.2d 703 (W. Va. 1981) (citing Hinkle v. Martin, 256 S.E.2d 768 (W. Va. 1979)). In the complaint, the plaintiff claims in Count VI that Antero owed a duty to travelers on the road and surrounding premises, over which it allegedly exercised controlled. Specifically, the plaintiff argues that because Antero supposedly exercised sole control over the area, including the road where the accident occurred, it owed a duty to ensure both safe trucking activities and well site operations. Regarding that claim, this Court finds that the plaintiff sufficiently alleged enough facts "to state a claim to relief that is plausible on its face." Giarratano, 521 F.3d at 302 (quoting Twombly, 550 U.S. at 570). Here, the plaintiff pleaded that Antero maintained a well site in the vicinity of the accident site and conducted various transportation activities on that road. Further, the plaintiff pleaded that because Antero failed to ensure safe operations near the well site, that failure acted as the proximate cause for the plaintiff's car accident and resulting injuries. Looking at the complaint and allegations therein, the plaintiff has pleaded sufficient facts and allegations for her negligence claim. Accordingly, dismissal of her claim is unwarranted at this stage.

Concerning the plaintiff's claim of vicarious liability, this Court again finds that dismissal of that claim is unwarranted. West Virginia law requires that when asserting a prima facie case of vicarious liability, that party must "show the existence of the relation of master and servant or principal and agent or employer and employee." Sanders v. Georgia-Pacific Corp., 225 S.E.2d 218 (W. Va. 1976). If one of those relationships exist, then the master, principal, or employer may be vicariously liable for that agent or employee's negligence. Thomas v. Raleigh Gen. Hosp., 358 S.E.2d 222, 225 (W. Va. 1987). In her complaint, the plaintiff alleges that Antero controlled certain trucking operations within its well site area, which again allegedly includes the accident site. The plaintiff then pleaded that John Doe or Doe Trucking may have been an agent or employee of Antero. The plaintiff appears to base that assertion on the fact that Antero allegedly controlled the trucking operations in that area. Further, the plaintiff also claims that such control over the well site and its vicinity may demonstrate one of the above listed relationships. This Court finds that the plaintiff pleaded a plausible claim so as to make dismissal unwarranted at this stage. Accordingly, Antero's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is denied.

## V. Conclusion

For the reasons set forth above, defendant Antero Resources Corporation's motion to dismiss (ECF No. 4) is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    February 9, 2015

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE